# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3890

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| David M. Thibeaux, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: November 16, 2009
Filed: November 23, 2009

_____

Before MELLOY, BEAM, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

David Thibeaux appeals his 152-month sentence for being a felon in possession of a firearm. Thibeaux specifically objects to the district court's[1] determination that his prior offense for second-degree burglary in Missouri was a violent felony pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e) (imposing a mandatory fifteen-year[2] sentence upon felons who unlawfully possess a firearm and

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

[2]Thibeaux received relief from the mandatory minimum sentence by providing substantial assistance pursuant to 18 U.S.C. § 3553(e).

who also have three or more previous "violent felony" convictions).  Section 924(e) defines violent felony to include "burglary, arson, or extortion" or any other crime that has as an element the use of physical force or "otherwise involves conduct that presents a serious potential risk of physical injury to another."   18 U.S.C. § 924(e)(2)(B).   Thibeaux argues that the district court did not correctly analyze the violent felony issue under the Supreme Court's decision in Begay v. United States, 128 S. Ct. 1581, 1586-88 (2008) (holding that New Mexico conviction for driving under the influence was not a violent felony within the "otherwise involves" clause of the ACCA).  We disagree.  Begay analyzed whether a non-enumerated offense qualified as a violent felony; however, "burglary" is an *enumerated* offense in 18 U.S.C. § 924(e).  Cf. United States v. Stymiest, 581 F.3d 759, 768 (8th Cir. 2009) ("Begay . . . does not undermine our burglary precedents.").  Thibeaux's conviction for second-degree burglary in Missouri qualifies as a violent felony.  Accord Taylor v. United States, 495 U.S. 575, 599 (1990); Mo. Rev. Stat. § 569.170.  We affirm.

_____